﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 190819-78144
DATE: June 16, 2020

REMANDED

Entitlement to service connection for back disorder is remanded.

Entitlement to service connection for left knee disorder is remanded.

Entitlement to service connection for right knee disorder is remanded.

REASONS FOR REMAND

The Veteran served on active duty from June 2005 to August 2005, May 2006, to July 2006, December 2008 to December 2009, and from August 2010 to June 2011, with additional service in the Army National Guard. 

The rating decision on appeal was issued in March 2019. Thereafter, the Veteran timely filed an August 2019 notice of disagreement (NOD), VA Form 10182, and requested the direct review lane. 38 C.F.R. § 19.2(d). Under the direct review lane, the Board must decide the appeal based on the evidence of record at the time of the prior decision and no additionally submitted evidence may be considered. Thus, as the Board received VA examination reports from April 2019 and March 2020 after the March 2019 rating decision, these examinations will not be considered. 

Entitlement to service connection for back and bilateral knee disorders are remanded.

The record shows current evidence for a back disorder and evidence of bilateral knee pain with limited range of motion. See April and June 2018 Templeton Imaging records and April 2018 Dr. P.A.S. Family Practice. Notably, such evidence may be sufficient to constitute knee disabilities for VA purposes. See Saunders v. Wilkie, 886 F.3d 1356, 1365-68 (Fed. Cir. 2018). The Veteran also indicated during a private treatment note that such disorders may be due to overuse in the military. See April 2018 Dr. P.A.S. Family Practice. In spite of this evidence, a VA medical opinion has not been obtained to address these claims. The Board finds that this constitutes a duty to assist error under 38 C.F.R. § 3.159(c)(4) which existed at the time of the appealed March 2019 rating decision. See McLendon v. Nicholson, 20 Vet. App. 79 (2006). Accordingly, remand is warranted to obtain VA examinations consistent with the directives herein. 

The Board acknowledges the October 2018 Service Treatment Record (STR) Certification indicates that no further records exist for the service member. Significantly, it appears that the development conducted obtained STRs from Martin ACH Fort Benning, Georgia; Madigan AMC Fort Lewis; Ireland ACH Fort Knox, Kentucky; and Landstuhl RMC, Kosovo. However, on the Veteran’s claims form, he stated that he received in-service treatment at the Naval Medical Center in San Diego, California from August 2010 to June 2011 and there is, otherwise, no indication that these records were requested prior to the March 2019 rating decision. Accordingly, on remand, additional development should be conducted to attempt to obtain these records. 

The record also indicates that the Veteran may have additional periods of qualifying active duty service in the National Guard. See October 2018 Service Record. Therefore, additional development is needed to attempt to verify additional periods of active duty service. 

The matters are REMANDED for the following actions:

1. Obtain the Veteran’s complete service personnel records, to include all documents pertaining to his service in the Army National Guard.

2. Attempt to verify all active duty, active duty for training (ACDUTRA) and inactive duty for training (INACDUTRA) dates for the Veteran’s service in the Army National Guard. If necessary, a request should be made to the Defense Finance and Accounting Service (DFAS). Document all requests for information as well as all responses in the claims file.

3. Obtain the Veteran’s complete service treatment records, to include treatment records from August 2010 to June 2011 at the Naval Medical Center in San Diego, California. 

4. Following the record development above, obtain a VA examination and opinion from an appropriate examiner to determine the nature and etiology of the Veteran’s back disorder. The claims folder (including a copy of this remand) must be provided to and reviewed by the examiner as part of the examination. All indicated tests should be accomplished and all clinical findings reported in detail. 

a) Identify/diagnose any back disorder that currently exists or that has existed during the appeal period.

b) The examiner must opine as to whether it is at least as likely as not (i.e., 50 percent probability or greater) that any diagnosed back disorder was caused by or related to the Veteran’s active duty service, to include his military occupational duties, or is otherwise related to a disease or injury that occurred during a verified period of ACDUTRA or an injury that occurred during a verified period of INACDUTRA.

c) If, and only if, the answer to paragraph (b) is negative the examiner must determine whether there is clear and unmistakable (obvious, manifest, or undebatable) evidence that any diagnosed back disorder preexisted any verified periods of active duty service, ACDUTRA, and/or INACDUTRA.

d) If it is determined that any diagnosed back disorder clearly and unmistakably preexisted any period of active duty service, ACDUTRA, and/or INACDUTRA, is there clear and unmistakable (obvious, manifest, or undebatable) evidence that the preexisting back disorder was not aggravated beyond the natural progression of the condition by such service? The term “aggravated” in this context refers to a permanent worsening of the underlying condition, as contrasted to temporary or intermittent flare-ups of symptomatology which resolve with return to the baseline level of disability.

The examiner is advised that the Veteran is competent to report his symptoms/history and that such reports must be acknowledged and considered in formulating any opinion. If his reports are discounted, the examiner should provide a reason for doing so.

A rationale for all requested opinions shall be provided. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question.

5. Following the record development above, obtain a VA examination and opinion from an appropriate examiner to determine the nature and etiology of the Veteran’s right and left knee disorders. The claims folder (including a copy of this remand) must be provided to and reviewed by the examiner as part of the examination. All indicated tests should be accomplished and all clinical findings reported in detail. 

a) Identify/diagnose any right and/or left knee disorder that currently exists or that has existed during the appeal period. In rendering such diagnosis, the examiner is reminded that pain that causes functional impairment of earning capacity may constitute a disability even if there is no formal diagnosis

b) The examiner must opine as to whether it is at least as likely as not (i.e., 50 percent probability or greater) that any diagnosed right and/or left knee disorder was caused by or related to the Veteran’s active duty service, to include his military occupational duties, or is otherwise related to a disease or injury that occurred during a verified period of ACDUTRA or an injury that occurred during a verified period of INACDUTRA.

c) If, and only if, the answer to paragraph (b) is negative the examiner must determine whether there is clear and unmistakable (obvious, manifest, or undebatable) evidence that any diagnosed right and/or left knee disorder preexisted any verified periods of active duty service, ACDUTRA, and/or INACDUTRA.

d) If it is determined that any diagnosed right and/or left knee disorder clearly and unmistakably preexisted any period of active duty service, ACDUTRA, and/or INACDUTRA, is there clear and unmistakable (obvious, manifest, or undebatable) evidence that the preexisting right and/or left knee disorder was not aggravated beyond the natural progression of the condition by such service? The term “aggravated” in this context refers to a permanent worsening of the underlying condition, as contrasted to temporary or intermittent flare-ups of symptomatology which resolve with return to the baseline level of disability.

The examiner is advised that the Veteran is competent to report his symptoms/history and that such reports must be acknowledged and considered in formulating any opinion. If his reports are discounted, the examiner should provide a reason for doing so.

(Continued on the next page)

 

A rationale for all requested opinions shall be provided. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question.

 

 

A. ISHIZAWAR

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board P. E. Metzner, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.